concurring in part and dissenting in part.
I concur in the remand of the Equal Protection claim and agree that Counties are persons for purposes of the Counties’ constitutional claims.
I dissent from the majority’s affirmance of the district court’s dismissal of the Counties’ statutory claims because, in my view, 42 U.S.C. § 1395w-4(i)(l)(D) does not bar judicial review of fee schedule areas. The statute does not explicitly bar such review. The majority does not dispute this fact, but decides instead that it implicitly bars review of fee schedule areas because it bars review of geographic adjustment factors (GAFs) subcomponents, and fee schedule areas constitute GAF subcomponents.
The statute’s plain language, legislative history, and purpose show the error in the majority’s reasoning. Congress explicitly enumerated several areas of Medicare for which judicial review is prohibited (including conversion factors, adjusted historical payment basis, and more important to the case before us, the establishment of GAFs), but it did not include fee schedule areas in this list. Because Congress omitted fee schedule areas from the factors enumerated in the statutory bar, it is reasonable to infer from its action that Congress intended to permit rather than to prohibit courts from reviewing challenges to the determination of fee schedule areas. Congress also explicitly enumerated several subcomponents of the GAFs, (including procedure codes for physicians’ services and relative value unites), but it did not include fee schedule areas as a subcompo-nent. Nor can fee schedule areas simply be assumed to be subcomponents of GAFs, as the majority believes. Whereas GAFs are tools that the HHS secretary uses to adjust payments for Medicare services, fee schedule areas are geographic entities that GAFs measure. See 42 U.S.C. § 1395w-4(j)(2) (defining a fee schedule area as “a locality used ... for purposes of computing payment amounts for physicians’ services”).
Legislative history also supports the proposition that Congress did not intend that § 1395w-4(i)(l)(D) bar judicial review of fee schedule areas. The Senate deleted a prohibition against judicial review of fee *177 schedule areas from the earlier House version of the statute that became the 1989 Omnibus Budget Reconciliation Act. Compare 135 Cong. Rec. H5984-05 at H6023 with 135 Cong. Rec. S13911-04 at S13928-29. The Supreme Court has held that in comparing earlier versions of a statute with the final version, courts may infer that Congress intentionally omitted items that were included in the earlier versions but omitted from the final version. See Russello v. United States, 464 U.S. 16, 23-24, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983).
Finally, analysis of statutory purpose supports judicial review of fee service areas. Because GAFs are overhauled frequently, but fee service areas are not, a bar to judicial review helps to ensure efficient administrative handling of GAF changes, but provides no such help with respect to fee service areas. The statute requires that the HHS Secretary review GAF indices every three years and update the fee schedule annually, but imposes no such requirement for regular review or designation of fee schedule areas. 42 U.S.C. § 1395w-4(b)(1) & (e)(1)(c). In the absence of a congressional mandate, the HHS Secretary has in fact updated the fee schedule areas just once, over eleven years ago. A bar on judicial review could hardly be said to promote efficiency or timeliness with respect to a matter that is so infrequently the subject of review or change. In fact, should the setting of fee schedules on the basis of such unmodified area determinations have the disparate and unfair effect alleged by the plaintiffs on the compensation received by physicians and hospitals, it would seem to demonstrate that Congress could not have intended that the failure of HHS to establish fair and reasonable boundaries for fee schedule areas should go permanently unreviewed by the courts.
For the foregoing reasons, I dissent from the majority’s conclusion that Congress intended that 42 U.S.C. § 1395w-4(i)(l)(D) bar judicial review of fee schedule areas.
I also dissent from the court’s failure to remand the Due Process claim on the ground that the Counties do not have a “property right” to Medicare payments. This issue is a close and important one that was not adequately briefed or argued by the parties, nor decided by the district court. Rather than decide that issue here, without adequate consideration, I would remand it to the district court for an initial and thorough review.
McKEOWN, Circuit Judge,
concurring in part and dissenting in part:
I join in affirming dismissal of the Counties’ statutory claims. I concur in the judgment dismissing the due process claims. I do not concur in the conclusion that the counties are persons for purposes of this suit. This novel question requires more nuanced consideration and, in my view, it is unnecessary to decide the issue in this case. I write separately to respectfully dissent from remand of the Equal Protection claim.
There is a fundamental reason why we do not need to address the “Counties as persons” argument. The Complaint identifies no cognizable Equal Protection claim as the government offers a viable rationale for its approach to the Fee Schedule Areas. The Counties certainly have well-documented reasons to object to the lag between their payment levels under the current Fee Schedule Areas and their real costs to provide care. But the Secretary’s stated reasons for maintaining the current Fee Schedule Areas, based on the 1996 revision, pass the “highly deferential” review applicable under the Equal Protection Clause. See Kahawaiolaa v. Norton, 386 F.3d 1271, 1279-80 (9th Cir.2004). The Secretary stated that the Fee Schedule *178 Areas established in the 1996 revision best met the goal of the revision process, which was to simplify payment areas and reduce disparities among geographic areas, while maintaining accuracy in tracking price differences across areas. The Secretary further declared that a solution has not yet been found that would better remedy the issue of geographic variations in costs without creating negative redistributive impacts and an increased administrative burden. The Secretary’s rationale for not revising the 1996 Fee Schedule Areas is sufficient to pass our review. “In the end, we must commit this question to Congress to apply its wisdom in deciding” whether to alter the requirements for updating the Fee Schedule Areas. Id. at 1283.
For these reasons, I dissent from remand of the Equal Protection claim, and would affirm the district court’s dismissal of that claim.